VERMONT SUPERIOR COURT
Windsor Unit
12 The Green
Woodstock VT  05091
802-457-2121
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 24-CV-02983



| Timothy Dasler v. Dalene Washburn |
| --- |

## ENTRY REGARDING MOTION

Title:          Motion to Join MINOR CHILD TO CASE (Motion: 1)
Filer:          Timothy P. Dasler
Filed Date:  August 01, 2024

The motion is DENIED.

Plaintiff Dasler seeks permission to join a minor child as a party to the present case.  From his filings, it appears that he wishes to join his minor child, T.D., as a Plaintiff and to bring the present matter on both his and his child's behalf.

Plaintiff's Motion is filed pursuant to the Windsor County Superior Court's December 4, 2023 Order Restricting Abusive Litigation, which provides that "Until further order of the court, Timothy Dasler shall be restricted from filing, initiating, advancing, or continuing litigation against Jennifer Knapp **UNLESS** 1) a duly licensed attorney who has entered an appearance on Mr. Dasler's behalf (not a limited appearance) files a motion or other action, **OR** 2) Mr. Dasler files a petition to obtain pre-filing approval from the court requesting permission to file a motion or other action involving Ms. Knapp **AND** the court grants the petition to file." *Knapp v. Dasler*, Dckt. No. 74-6-17 Oedm (Dec. 4, 2023) (Warren, J.) (emphasis in the original).

Before the Court can consider whether Plaintiff Dasler's proposed motion is permitted under the December 4, 2023 Order Restricting Abusive Litigation, there is a threshold issue of standing. *Baird v. City of Burlington*, 2016 VT 6, ¶ 15 (generally parties may not bring actions on behalf of another unless they can establish an exception to this rule).  In reviewing Docket No. 74-6-17 Oedm, the Court finds that Plaintiff's ex-spouse currently holds the Parental Rights and Legal Responsibilities for T.D.  *Dasler v Dasler*, Dckt. No. 2020-146, at 1 (Mar. 5, 2021) (unpub. mem.).  As the holder of legal responsibilities, it is mother's sole responsibility to advance litigation on behalf of

the minor. 15 V.S.A. § 664(1)(A); V.R.C.P. 17(b). Thus, the present motion cannot succeed as Plaintiff lacks the authority to bring a case on behalf T.D. under Rule 17(b). That right remains with Ms. Knapp.

Even if Plaintiff was allowed to bring such an action, his filing raises a second significant issue. Plaintiff may not in his capacity as a parent/guardian bring an action in a pro se capacity on behalf of another. Plaintiff, if he had standing, would, at a minimum, have to also retain counsel to represent T.D. *Snelgrove v. LeBlanc*, 2023 VT 114, ¶ 5. As the Court in *Snelgrove* holds, "We conclude that a nonattorney guardian may not represent a ward in court proceedings without an attorney because it would violate the prohibition against the unauthorized practice of law and possibly lead to abuse." Id. The same holds true here where Plaintiff seeks to act as a self-represented litigant on his own behalf and on behalf of his minor child. Thus, in addition to the standing limitation, Plaintiff's motion and complaint lacks the necessary attorney representation needed to prosecute a claim on behalf of another.

Based on these two limitations, Plaintiff's motion must be denied as a matter of law, and the Court does not reach the question of whether Plaintiff's request to file on behalf of his minor child violates the December 4, 2023 Order Restrictive Abusive Litigation. The Motion to add T.D. to the present filing is **Denied.**

Additionally, Plaintiff's motion for a stay is **Denied.** Service deadlines on the complaint remain in place and will have to be satisfied consistent with V.R.C.P. 3 and 4.

**So Ordered.**

Electronically signed on 9/10/2024 8:41 AM pursuant to V.R.E.F. 9(d)

Daniel Richardson
Superior Court Judge

Vermont Superior Court
Filed 09/11/24
Windsor Unit